296 F.2d 39
 David FARRELL; Betty Jane Farrell; Lincoln Mining
Corporation, a corporation; Pacific Mountain Maze,
Inc., a corporation, Appellants,
v.
George E. DANIELSON; James A. A. Smith; and Stanley A.
Phipps, as trustees in bankruptcy of Los Angeles Trust Deed
& Mortgage Exchange, a California Corporation and dba Trust
Deed & Mortgage Markets, a California Corporation, Appellees.
 No. 17350.
 United States Court of Appeals Ninth Circuit.
 Oct. 30, 1961.
 
 Morgan Cuthbertson, Laguna Beach, Cal., for appellants.
 William J. Tiernan, Gendel & Raskoff, Burke Mathes, Los Angeles, Cal., for appellees.
 Before JERTBERG, MERRILL and DUNIWAY, Circuit Judges.
 JERTBERG, Circuit Judge.
 
 
 1
 Before us is an appeal from a decree of preliminary injunction enjoining and restraining the appellants, their respective attorneys, agents, officers, and employees 'from selling, removing, transferring, assigning, and/or otherwise disposing of or concealing funds and/or property in their possession and/or under their control, and which may be established to be the property of Los Angeles Trust Deed & Mortgage Exchange and/or Trust Deed & Mortgage Markets.'
 
 
 2
 The plenary action in which the decree of preliminary injunction was issued was instituted by Pat A. McCormick, as receiver of the property of the Los Angeles Trust Deed & Mortgage Exchange, a corporation, and Trust Deed & Mortgage Markets, a corporation.
 
 
 3
 The history and background leading up to the appointment of the receiver appear in Los Angeles Trust Deed & Mortgage Exchange, et al. v. Securities and Exchange Commission, 264 F.2d 199 (9th Cir., 1959) and Los Angeles Trust Deed & Mortgage Exchange, et al. v. Securities and Exchange Commission, 285 F.2d 162 (9th Cir., 1960). It appears unnecessary to review the above cases in this opinion.
 
 
 4
 Subsequent to the filing of the plenary action, the Los Angeles Trust Deed & Mortgage Exchange, a corporation, and Los Angeles Trust Deed & Mortgage Markets, a corporation, were adjudicated bankrupts and the appellees on this appeal became trustees in bankruptcy of said bankrupts and shortly after the issuance of the decree of preliminary injunction were, by stipulation and order of the court, substituted as parties plaintiff in the place and stead of the Receiver.
 
 
 5
 The complaint filed by the Receiver on September 15th, 1960, contained three causes of action. In the first cause of action the Receiver sought declaratory relief that the real and personal property decribed in Exhibit 'A', attached to the complaint, is the property of the Los Angeles Trust Deed & Mortgage Exchange, a corporation; that the defendants be ordered and directed to convey the same to said corporation; and that pending the final determination of the action the defendants be enjoined from selling, etc., the property described in Exhibit 'A' in their possession or under their control and which may be established to be the property of the Los Angeles Trust Deed & Mortgage Exchange. In the second cause of action, the Receiver sought a money judgment against the defendants for the amount of moneys received by them for the use of the Los Angeles Trust Deed & Mortgage Exchange. In the third cause of action, Receiver sought an accounting by the defendants of moneys and properties allegedly received by the defendants and belonging to the Los Angeles Trust Deed & Mortgage Exchange.
 
 
 6
 After the filing of the complaint but of the same day, the District Court ordered the defendants to show cause on the 26th day of September, 1960, why an order should not be made pending the final determination of the action, enjoining them from selling, etc., the funds and property in their possession or under their control as set forth in said Exhibit 'A', attached to the complaint, and further ordering that in the meanwhile the defendants be restrained from selling, etc., the funds and property described in said Exhibit 'A'. The order to show cause and the restraining order were issued ex parte without hearing or notice of hearing.
 
 
 7
 On September 21, 1960, the defendants filed motions to dismiss the restraining order and the action. Apparently the hearings on such motions to dismiss and on the restraining order were continued from time to time by consent and were heard on January 30, 1961.
 
 
 8
 The minutes of the court on January 30, 1961, after noting the presence of court and counsel, state:
 
 
 9
 'Proceedings: For hearing on
 
 
 10
 '(1) Defendants' motion to dismiss;
 
 
 11
 '(2) order to show cause re preliminary injunction;'(3) hearing motion of def't David Farrell for permission to sell airplane.
 
 
 12
 'Court Orders motion (1) to dismiss, denied without prejudice. Attorney Young to prepare formal order; (2) referred to the Bankruptcy Court, Attorneys Mathes and McKenna to prepare formal order; and (3) motion to sell airplane denied and that temporary injunction issue to restrain sale of said airplane, Attorney Young to prepare order.'
 
 
 13
 In respect to the Receiver's motion for preliminary injunction, no witnesses were sworn or testified. On February 2nd, 1961, the District Court signed findings of fact and conclusions of law, and decree of preliminary injunction, and the same were filed and entered on February 3rd, 1961. The decree of preliminary injunction reads as follows:
 
 
 14
 'Decree of Preliminary Injunction.'
 
 
 15
 'It is Ordered, Adjudged and Decreed that defendants, and each and all of them, and their respective attorneys, agents, servants, officers and employees, be and they are hereby, enjoined and restrained during the pendency of the above entitled action and until its final determination, or until the court shall otherwise order, from selling, removing, transferring, assigning and/or otherwise disposing of or concealing funds and/or property in their possession and/or under their control, and which may be established to be the property of Los Angeles Trust Deed & Mortgage Exchange and/or Trust Deed & Mortgage Markets.
 
 
 16
 'It is further ordered that any additional bonds of plaintiff be, and the same is hereby dispensed with, it being in the discretion of the court unnecessary for the reason that plaintiff as such receiver has a bond on file in this court in civil action numbered 261-56 Y entitled 'Securities and Exchange Commissioner, Plaintiff v. Los Angeles Trust Deed & Mortgage Exchange, et al, Defendants.'
 
 
 17
 Appellants contend on this appeal that the findings of fact are not supported by the evidence; that the conclusions of law are without support in the findings of fact or evidence; that the decree of preliminary injunction violates the provisions of Rule 65(e) of the Federal Rules of Civil Procedure, 28 U.S.C.A., and that the motion of the receiver for preliminary injunction was referred to the bankruptcy court. The appellees contend that the appellants consented to the issuance of the decree of preliminary injunction and that the deposition of defendant David Farrell taken on behalf of the receiver in the plenary action fully supports the findings of fact and conclusions of law and the decree.
 
 
 18
 We have read the transcript of the proceedings held on January 30, 1961, and are unable to agree with the appellees that the appellants consented to the issuance of the preliminary injunction. If the appellants consented to the making of any order on January 30, 1961, we are of the view that such consent related only to the denial of appellants' motion to sell and airplane.
 
 
 19
 The record is confusing in respect to the deposition of defendant Farrell. Counsel for the receiver offered the deposition in evidence to which offer appellants apparently made no objection. While we find no order of the court admitting the same into evidence and no marking on the exhibit to indicate it was received, nevertheless the record discloses that it was considered by the District Court. We believe the record justifies the holding that the deposition was received in evidence.
 
 
 20
 The deposition embraces 110 pages. Appellants contend that the deposition affords no evidentiary or other support for the findings of fact and decree. Appellees say only that 'the finding of fact and conclusions made are clearly supported by a reading of the deposition', but fail to point out where such support may be found in the lengthy document. In view of the fact that the decree appealed from must be reversed for other reasons, we deem it unnecessary to pass on the question.
 
 
 21
 In our view the decree is violative of mandatory provisions contained in Rule 65, Federal Rules of Civil Procedure. This rule in pertinent parts provides:
 
 
 22
 'Rule 65.
 
 
 23
 'Injunctions
 
 
 24
 '(a) * * *
 
 
 25
 '(b) * * *
 
 
 26
 '(c) * * *
 
 
 27
 '(d) Form and Scope of Injunction or Restraining Order. Every order granting an injunction and every restraining order shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained; and is binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise.
 
 
 28
 '(e) * * *'
 
 
 29
 The decree of preliminary injunction does not set forth the reasons for its issuance. The decree is not specific in terms. The decree does not describe, in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restained. Attention is called to the fact that the property as to which appellants are restrained and enjoined from selling, etc., is not described in the decree or elsewhere in the findings or conclusions except by reference to the exhibit attached to the complaint and as to such property the appellants are enjoined from selling, etc., only such property 'which may be established to be the property of Los Angeles Trust Deed & Mortgage Exchange and/or Trust Deed & Mortgage Markets'.
 
 
 30
 As to the sufficiency of the decree see Brumby Metals, Inc. v. Bargen, 275 F.2d 46 (7 Cir. 1960).
 
 
 31
 The decree of preliminary injunction is set aside and the cause remanded to the District Court for further proceedings.