**NATIONAL MEDIATION BOARD, Leverett Edwards, Individually, etc., et al., Appellants,**

v.

**AIR LINE PILOTS ASSOCIATION, INTERNATIONAL, et al., Appellees.**

No. 17973.

United States Court of Appeals
District of Columbia Circuit.

July 12, 1963.

See also D.C., 220 F.Supp. 729; D.C., 220 F.Supp. 730.

Mr. Howard E. Shapiro, Washington, D. C., for appellants.

Mr. Herbert A. Levy, of the bar of the Court of Appeals of New York, pro hac vice, by special leave of court, with whom Mr. Martin F. O'Donoghue, Jr., Washington, D. C., was on the pleadings, for appellees.

Before BAZELON, Chief Judge, and WILBUR K. MILLER and WRIGHT, Circuit Judges.

PER CURIAM.

On June 18, 1963, the District Court entered a temporary restraining order enjoining the National Mediation Board from taking steps to conduct a representation election in a labor dispute between competing unions and American Airlines, Inc. On June 27, as it had a right to do,[1] the District Court extended the restraining order to July 5. When that day arrived, the District Court again extended the restraining order to July 15; and this appeal challenges that action as unauthorized.

An order extending a temporary restraining order beyond the 20 days allowed by Civil Rule 65(b) is tantamount to the grant of a preliminary injunction. Pan American World Airways v. Flight Eng. Intern. Assoc., 306 F.2d 840 (2nd Cir., 1962); Sims v. Greene, 160 F.2d 512 (3rd Cir., 1947). We thus have jurisdiction under 28

1. Civil Rule 65(b) provides in pertinent part:

"* * * Every temporary restraining order * * * shall expire by its terms within such time after entry, not to exceed 10 days, as the court fixes, unless within the time so fixed the order, for good cause shown, is extended for a like period or unless the party against whom the order is directed consents that it may be extended for a longer period. * * *"

**306**

U.S.C. § 1292(a) (1). A preliminary injunction must be supported by findings of fact and conclusions of law (Civil Rule 52(a)). Here, no supporting findings and conclusions were filed. The order complained of was therefore not a valid preliminary injunction.

Accordingly, we remand the case to the District Court with directions to dissolve its order of July 5, 1963.

It is so ordered.

WRIGHT, Circuit Judge, did not participate in the hearing or the foregoing order.