478 F.2d 237
 73-2 USTC P 9487
 Percy C. and Beverly L. GREGSON, Appellees,
v.
INTERNAL REVENUE SERVICE et al., Appellants.
Karl J. BRAY, pro se, and James H. L. Lawler, pro se, in
Class Action, Appellees,
v.
T. W. ELISON et al., Appellants,
v.
UNITED STATES of America and Internal Revenue Service, J. M.
Walters, Commissioner, et al., Appellants.
Gerald L. HENDERSON and Yvonne S. Henderson, Appellees,
v.
INTERNAL REVENUE SERVICE, Thomas L. Harkness et al., Special
Agent for Internal Revenue Service, et al., Appellants.
Thomas W. HOOPES and Phyllis A. Hoopes, Appellees,
v.
INTERNAL REVENUE SERVICE, Tim W. Elison, Special Agent for
Internal Revenue Service, et al., Appellants.
 Nos. 72-1713, 72-1714, 72-1723 and 72-1764.
 United States Court of Appeals,
Tenth Circuit.
 May 16, 1973.
 
 Janet P. Spragens, Atty., Tax Division, Dept. of Justice, Washington, D. C. (Meyer Rothwacks and John P. Burke, Attys., Tax Division, Dept. of Justice, Washington, D. C., and Scott P. Crampton, Asst. Atty. Gen., and C. Nelson Day, U. S. Atty., of counsel, with her on the brief), for appellants.
 Leonard W. Burningham, Salt Lake City, Utah (Curtis K. Oberhansly, James S. Lowrie, and J. Wendell Bayles, Salt Lake City, Utah, with him on the brief), for appellees in Nos. 72-1713, 72-1714, and 72-1764.
 Robert Rees Dansie, Murray, Utah, for appellees in No. 72-1723.
 Herbert C. Livsey, Salt Lake City, Utah, for appellee, First Security Bank of Utah, Salt Lake City, Utah, in No. 72-1764.
 Before SETH and HOLLOWAY, Circuit Judges, and KERR, District Judge.
 SETH, Circuit Judge.
 
 
 1
 This is an appeal by the defendant, Internal Revenue Service, seeking to have dissolved the preliminary injunctions in each of the several cases consolidated for argument before this court.
 
 
 2
 Appellees are all taxpayers seeking to enjoin the Internal Revenue Service from obtaining by summons records of their accounts at banks where they have been doing business. Some allege that they are members of an organization known as the Tax Rebels of America, and have spoken out in favor of abolishing the income tax and the Internal Revenue Service, and that because of this they are being harassed and an attempt is being made by the IRS to intimidate them in violation of their First Amendment right of freedom of speech. The appellees Henderson do not apparently belong to such an organization and have independently asserted a right to the privacy of the records short of a court order.
 
 
 3
 The District Court granted appellees a preliminary injunction in each of the captioned cases, and set the matter down for hearing. However, before that hearing could take place, the IRS took this appeal. As a result, the trial court never had an opportunity to have the parties develop the facts as it planned to do.
 
 
 4
 The preliminary injunctions were issued after a limited hearing at which both appellants and appellees were represented, but no findings of fact or reasons for issuance were incorporated in the order granting the preliminary injunction, nor were any reasons separately set out. For this reason, the preliminary injunction in each of the cases fails to comply with the requirements of Rule 65(d), Fed.R.Civ.P., which states:
 
 
 5
 "Every order granting an injunction and every restraining order shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail, . . . ."
 
 
 6
 See Farrell v. Danielson, 296 F.2d 39 (9th Cir.).
 
 
 7
 It is, therefore, necessary to dissolve the injunctions and reverse and remand the actions to give the trial court an opportunity to further consider the matter. The sole argument advanced by the IRS on this appeal is that under no circumstances would it be proper to enjoin it from issuing summons for the production of the records of a taxpayer's bank transactions, even in the face of violation of the taxpayer's constitutional rights. This is an open question which we do not reach, nor do we decide the nature of the taxpayers' interest in the bank records.
 
 
 8
 The injunctions are each dissolved, and the cases are each reversed and remanded for such proceedings as the trial court deems proper.