581 F.2d 565
 NATIONAL CITY BANK and the Cleveland Trust Company, Petitioners,
v.
Honorable Frank J. BATTISTI, Chief Judge of the United
States District Court for the Northern District of
Ohio, Respondent.
Robert Anthony REED, III, et al., Plaintiffs-Appellees,
v.
James A. RHODES et al., Defendants,
National City Bank and the Cleveland Trust Company, Appellants.
 No. 77-3532.
 United States Court of Appeals,
Sixth Circuit.
 Argued Nov. 28, 1977.
Decided December 2, 1977.
 
 Victor E. DeMarco, Dennis M. Kelly, Marc L. Swartzbaugh, Robert H. Baker, John W. Edwards, II, Jones, Day, Reavis & Pogue, Cleveland, Ohio, for petitioners.
 David W. Hart, Gen. Counsel, Thomas F. Harvey, Atty., Roland E. Remley, III, Gen. Counsel, E. William Haffke, Asst. Counsel, George I. Meisel, Squire, Sanders & Dempsey, and John H. Bustamante, Bustamante, Donohoe, Palmisano & Co., L.P.A., Cleveland, Ohio, for Paul Briggs and Bd. of Ed.
 Mark O'Neill Cleveland, Ohio, for Martin Essex and Ohio St. Bd. of Ed.
 Thomas I. Atkins, Boston, Mass., James L. Hardiman, Cleveland, Ohio, Nathaniel R. Jones, New York City, Jeremiah Glassman, Civ. Rights Div., U. S. Dept. of Justice, Washington, D. C., William D. Beyer, U. S. Atty., Cleveland, Ohio, Thomas P. Gill, Asst. County Prosecutor, Cleveland, Ohio, for County Auditor.
 Before EDWARDS, LIVELY and ENGEL, Circuit Judges.
 PER CURIAM.
 
 
 1
 This court has received briefs and has heard extensive oral arguments upon a petition for mandamus or prohibition filed by plaintiff Banks against a United States District Judge for the Northern District of Ohio, Eastern Division. The relief sought is the vacating of two orders dated November 4, 1977 and November 18, 1977, entered by said District Judge in a school desegregation case, Reed v. Rhodes, which was recently remanded to him by this court for further consideration under the recent holdings of the United States Supreme Court in Dayton Board of Education v. Brinkman, 433 U.S. 406, 97 S.Ct. 2766, 53 L.Ed.2d 851 (1977).
 
 
 2
 In March 1977 the Board of Education of Cleveland (hereinafter the Board) determined that it required $35,000,000 in addition to its anticipated current receipts from taxes to operate the schools for the April June 1977 period. The Board issued "Current Tax Revenue Notes" in that amount, with the petitioners purchasing $15,000,000 of these notes on April 1, 1977, with a maturity date of December 29, 1977. The Board resolution authorizing the issuance of the notes recited that the Board has levied taxes sufficient to "discharge such notes at maturity" and further provided
 
 
 3
 Such tax shall be placed before and in preference to all other items and for the full amount thereof. The funds derived from such tax levy are irrevocably pledged for the payment of the interest and principal of such notes when and as the same fall due.
 
 
 4
 In August 1977 the Auditor of the State of Ohio, pursuant to O.R.C. § 3313.483, conducted an audit which revealed that the Board would incur a deficit in excess of $19,000,000 by December 31, 1977. This cash flow report included all known sources of income and projected expenses, including the payment of a $20,000,000 1977-A Series and the $15,000,000 1977-B Series notes held by the petitioners. The 1977-A Series notes were paid off at maturity on November 1, 1977 and are not involved in this litigation. Thereafter the Board prepared its own cash flow report which projected a deficit of nearly $21,000,000 by December 31, 1977.
 
 
 5
 On April 1, 1977 the district court issued an order in Reed v. Rhodes prohibiting the Board and its superintendent from closing any school "without specific prior approval of the court." On October 11, 1977 the Board filed a motion to modify the April 1 order. A Special Master submitted a report on the motion to modify in which he reviewed the financial condition and projection of the Cleveland school system, suggested that there were various methods available for shoring up its financial condition and recommended to the court that the motion to modify be denied. On October 21, 1977 the district court issued a further order in which it directed the Board and its officers, employees and agents "to continue the operation of the Cleveland City School District . . . until the further order of this Court" and further decreed that the members of the Board and its officers, agents and employees would be "expressly relieved from any and all personal liability under any law or statutes of the State of Ohio" which they might incur as a result of compliance with the court's orders to continue the operation of the schools.
 
 
 6
 On November 2, 1977 the petitioners, who were not then parties in Reed v. Rhodes, filed a Complaint for a Writ of Mandamus in the Supreme Court of Ohio, naming the Board, its clerk and the auditor and treasurer of Cuyahoga County as respondents. In that action the petitioners sought an order from the Supreme Court of Ohio compelling the respondents therein to pay into and retain in the Board's bond retirement fund tax revenues received by the Board in the year 1977 in an amount sufficient to retire the Series 1977-B Notes at maturity.
 
 
 7
 On November 4, 1977, the respondent, Chief Judge Battisti, issued a temporary restraining order in the pending action of Reed v. Rhodes in which the petitioners herein were joined as defendants and were enjoined "from further prosecuting or seeking to enforce any orders or claims arising from the proceedings in the Ohio State Supreme Court, . . . (describing the proceeding for a writ of mandamus) and from initiating proceedings in any other court that would, or would threaten to, interfere with the jurisdiction of the Court in this case." This order also contained the following language:
 
 
 8
 The entry of this Temporary Restraining Order will not prejudice the interests or rights of the National City Bank or/and the Cleveland Trust Company. Those interests or rights can be protected by the filing of appropriate pleadings or by seeking modification or review of orders issued in this case.
 
 
 9
 The temporary restraining order was issued prior to the filing of an affidavit or verified complaint as required by Rule 65(b), F.R.C.P. It appears from the record that the temporary restraining order was issued on the basis of an oral motion by the United States, amicus curiae in Reed v. Rhodes. Further, the temporary restraining order did not state why it was granted without notice, nor did it contain an expiration date as required by Rule 65(b).
 
 
 10
 Both orders, herein considered, pertain to the threatened closing of the Cleveland school system due to alleged lack of financial resources. Both orders had the purport of requiring the prior consideration by the District Judge before steps were taken which would require such closing.
 
 
 11
 The District Judge's order of November 4 stated the immediate reasons for his action as follows:
 
 
 12
 This Court, in an opinion issued August 31, 1976, having found the Cleveland and State Defendants liable for violation of the rights of the Plaintiffs, as guaranteed by the 14th Amendment to the United States Constitution, to attend the public schools without being subjected to racial discrimination or segregation, issued orders requiring the development of appropriate remedies by the local and state defendants.[1]Included in the orders issued by this Court in this case was one on October 19, 1977, requiring the local and state defendants to keep the public schools of Cleveland open and in full operation. On November 1, 1977, the National City Bank and the Cleveland Trust Company filed pleadings with the State Supreme Court of Ohio which, if granted, might obstruct or impede the ability of the local and state defendants to implement the October 19, 1977 order of this Court, based on the record in these proceedings as discussed in open court on November 4, 1977 with all the parties present.
 
 
 13
 Rather than seek "modification or review" of the orders, petitioners sought and secured a stay from a single judge of this court and prosecuted their action in the Supreme Court of Ohio to conclusion State ex rel. Nat'l City Bank v. Board of Education, 52 Ohio St.2d 81, 369 N.E.2d 1200 (1977).
 
 
 14
 The temporary restraining order issued on November 4, 1977 was not appealable. However, on November 8, 1977 the petitioners filed a petition in this court for a writ of prohibition or mandamus, seeking an order enjoining the respondent from enforcing or otherwise implementing the temporary restraining order of November 4, 1977, from interfering in the prosecution, determination and enforcement of any order issued by the Supreme Court of Ohio and from interfering with the performance by the Board and any of its members and employees of duties imposed upon them by Ohio statutory law. On November 16, 1977 the Supreme Court of Ohio issued an order and opinion granting the writ of mandamus and directing the Board and its employees to perform their duties in conformity with the law of Ohio as set forth in the opinion.
 
 
 15
 On November 18, 1977 a second order was entered by the respondent in the case of Reed v. Rhodes on motion of the plaintiffs, the Board and amicus curiae expanding the scope of the injunctive provisions of the November 4th order and directing that disbursements be made by the auditor of Cuyahoga County following "the same practices, procedures and formulas which the defendant Campanella (the auditor) has been following and making such disbursements prior to any decision and Writ of the Supreme Court of the State of Ohio." Though the petitioners herein were joined as defendants in the case of Reed v. Rhodes in the district court's order of November 4, 1977, the order of November 18th was entered without notice to the petitioners or a hearing. The November 18th order also provided, "These Banks may intervene herein at any time." Apparently, the banks had not been served with process, though the November 4th order had joined them as parties. Rather than intervening, however, the petitioners obtained a stay of the November 18th order from a single judge of this court and, on November 25, 1977, amended their previously filed application for a writ of prohibition or mandamus in this court, seeking relief from both the November 4th and November 18th district court orders.
 
 
 16
 Upon examination of the entire record this court concludes that the motion of the various parties in Reed v. Rhodes for extension of the injunctive provisions of the November 4th order should be treated as a motion for a preliminary injunction, and the November 18th order of the district court was in effect a preliminary injunction which was intended to extend and enlarge the injunctive provisions of the temporary restraining order of November 4th and was intended to make the injunctive provisions effective beyond the time permitted under a temporary restraining order by Rule 65(b). See National Mediation Board v. Airline Pilots Association, 116 U.S.App.D.C. 300, 323 F.2d 305 (1963). See also Sampson v. Murray, 415 U.S. 61, 86, 94 S.Ct. 937, 39 L.Ed.2d 166 (1974). An order granting a preliminary injunction is appealable. 28 U.S.C. § 1292(a).
 
 
 17
 Petitions for writs of mandamus or prohibition may not be used in the federal courts as a substitute for readily available appeal procedure. Will v. United States, 389 U.S. 90, 97, 88 S.Ct. 269, 19 L.Ed.2d 305 (1967); Roche v. Evaporated Milk Ass'n., 319 U.S. 21, 30-31, 63 S.Ct. 938, 87 L.Ed. 1185 (1943); United States v. United States District Court,444 F.2d 651, 655 (6th Cir. 1971); 9 Moore's Federal Practice P 110.26 at 284 (1975). In this latter case this court said:
 
 
 18
 It is, of course, the general rule that mandamus may not be substituted for appeal. Roche v. Evaporated Milk Ass'n., 319 U.S. 21, 30-31, 63 S.Ct. 938, 87 L.Ed. 1185 (1943); Bankers Life & Casualty Co. v. Holland, 346 U.S. 379, 382, 74 S.Ct. 145, 98 L.Ed. 106 (1953); Black v. Boyd, 248 F.2d 156, 159 (6th Cir. 1957); Hoffa v. Gray, 323 F.2d 178, 179 (6th Cir.), cert. denied, 375 U.S. 907, 84 S.Ct. 199, 11 L.Ed.2d 147 (1963); University National Stockholders Protective Comm., Inc. v. University National Life Ins. Co., 328 F.2d 425, 426 (6th Cir.), cert. denied, 377 U.S. 933, 84 S.Ct. 1335, 12 L.Ed.2d 296 (1964).
 
 
 19
 Id. at 655.
 
 
 20
 We recognize that the proceedings before us involve important issues which reach far beyond the particular controversy between the petitioners and the Board. The entire school system of the City of Cleveland, and the educational opportunities of all the school children of that system are seriously affected by the financial problems which we have recited. Therefore, we have determined to treat the motion of petitioners to amend their petition before this court as a motion for an expedited appeal pursuant to Rule 2, Federal Rules of Appellate Procedure. Though a prompt resolution of the issues is essential, there has been no hearing at which all affected parties were present and no findings have been made. This court is confined to an appellate function and may not make independent findings. We remand this case to the district court and direct the respondent to conduct a hearing upon at least two days notice to all parties, which may be given by telephone.
 
 
 21
 A United States District Court has broad discretion in fashioning remedies in a school desegregation case.[2] Nevertheless, public schools are state controlled and supported by state or local government. School financing is thus clearly a matter of state responsibility through its appropriate executive, legislative and judicial branches. The federal courts have power to intervene in affairs of public schools only to vindicate provisions of the United States Constitution or federal law. Purposeful closing of Cleveland schools with intent to defeat the possibility of desegregation might, of course, call for intervention of the federal courts. See Griffin v. County School Board, 377 U.S. 218, 84 S.Ct. 1226, 12 L.Ed.2d 256 (1964). The present record before this court does not, however, contain any such charges of discrimination, much less proofs and findings of fact thereon.
 
 
 22
 Absent such violations, of course, the federal courts follow and apply state law pertaining to school financial problems. If the Ohio Legislature, Governor and Supreme Court for constitutionally neutral reasons, determine a specific order of priority of payment of school debts, the federal courts have no power to pass judgment on the wisdom of the state decision.
 
 
 23
 After holding the hearing directed herein, the District Judge will enter such orders as may lawfully be made to protect the jurisdiction and orders of the district court in the ongoing desegregation case of Reed v. Rhodes while giving effect to the rights of the petitioners under the existing law of Ohio and the Due Process Clause of the Fifth Amendment to the Constitution of the United States.
 
 
 24
 It is directed that the mandate of this court issue forthwith and that the single judge stay order entered November 20, 1977 continue in effect until the District Judge has conducted the hearing and entered further orders.
 
 
 
 [1]
 The district court's findings of fact pertaining to racial discrimination were not vacated in this court's remand order to which previous reference has been made
 
 
 [2]
 See Milliken v. Bradley, 433 U.S. 267, 97 S.Ct. 2749, 53 L.Ed.2d 745 (1977)