**NETWORK TECHNICAL SERVICES, INC., et al., Appellants,**

v.

**D.C. DATA COMPANY, et al., Appellees.**

**NETWORK TECHNICAL SERVICES, INC., et al., Appellants,**

v.

**COLUMBIA GAMING SYSTEMS, INC., Appellee.**

Nos. 83–438, 83–439.

District of Columbia Court of Appeals.

Submitted April 17, 1983.

Decided July 18, 1983.

---

Willie L. Leftwich, Joanne Doddy Fort, Frederick A. Douglas, Thomas M. O'Hern, Jr., Martin E. Firestone, and Neal A. Jackson, Washington, D.C., were on brief for appellants.

Richard O. Duvall, Timothy J. Bloomfield, Francis L. Wetzel, and Michael B. Gross, Washington, D.C., were on brief for appellees D.C. Data Company, et al.

Robert B. Washington, Jr., Judah Lifschitz, John J. Connors, and Patrick Apodaca, Washington, D.C., were on brief for appellees Columbia Gaming Systems, Inc.

Before NEWMAN, Chief Judge, and FERREN and TERRY, Associate Judges.

PER CURIAM:

The District of Columbia Lottery and Charitable Control Board ("Board") decided to award the contract for an on-line lottery system to appellants[1] ("LTE"). Prior to execution of the contract, the appellees[2] ("Losing Bidders") sued in Superior Court to block execution. After deciding that the award of a contract for an on-line lottery system was not a contested one, and therefore that the Superior Court had jurisdiction over the cases, the trial court granted the Losing Bidders' motions for two ten-day

---

1. Appellants are Network Technical Services, Inc., New Tech Games, Inc., The Prism Corp., Opportunity Systems, Inc., and Gaming Systems, Inc. Although all of these corporations were part of the joint venture, Lottery Technology Enterprises (LTE), they intervened below in their individual corporate capacities.

2. Appellees are D.C. Data Company, American Totalizer Systems, Inc., IBS Digit, Inc., and Columbia Gaming Systems Inc.

temporary restraining orders which blocked execution of the contract. LTE appealed and moved for summary vacation of those temporary restraining orders. We deny the motion to vacate and dismiss the appeal, finding: (1) the Superior Court properly decided that it had jurisdiction because the award of a contract is not a contested case subject to the jurisdiction of this court as provided by D.C.Code § 1–1510 (1981), and (2) ten-day temporary restraining orders issued after a limited hearing are not appealable orders.[3]

## I.

After receiving bids for the on-line lottery system from the Losing Bidders as well as from LTE, the Board decided to award the contract to LTE. Prior to execution of the contract, one of the Losing Bidders, D.C. Data Company, instituted a suit to challenge the award in Superior Court. This suit was voluntarily dismissed pursuant to a settlement agreement whereby the Board agreed to submit the matter to the District of Columbia Contract Review Committee ("CRC") for informal review. Subsequently, the CRC issued a report which concluded that the Board had not followed the correct procedures in evaluating the proposed bids, improperly deviated from the proposed evaluation criteria in the request for proposals, and had insufficient evidence before it to review the minority business participation in the proposed bids. In spite of the CRC's report, the Board indicated that it still intended to award the contract to LTE. Before the contract was executed, the Losing Bidders sued the Board in Superior Court in two separate suits which were consolidated. LTE intervened in both suits. The Losing Bidders moved for temporary restraining orders to block execution of the contract to LTE. At the hearing for the temporary restraining orders, LTE argued that the trial court did not have jurisdiction over the cases because the Board's decision to award the contract was a "contested case". Therefore, LTE argued, under D.C.

Code § 1–1510 (1981), only this court has jurisdiction to review the Board's actions. Based on the arguments of counsel, but without holding an evidentiary hearing, the trial court decided that the award of a contract was not a contested case and that it did have jurisdiction. The court then issued two ten-day temporary restraining orders to prevent execution of the contract. LTE filed a timely appeal with this court. Pursuant to that appeal, LTE moved for summary vacation of the temporary restraining orders.

## II.

LTE argues that the Superior Court lacked jurisdiction to enter the temporary restraining orders because, under D.C.Code § 1–1510 (1981), direct appeals from agency decisions must be taken to this court, rather than the trial court.

Under D.C.Code § 1–1510 (1981), this court has jurisdiction to review final agency decisions only in "contested cases." A contested case is "a proceeding before . . . any agency in which the legal rights, duties, or privileges of specific parties are required by any law . . . or by constitutional right to be determined after a hearing . . . before an agency . . . ." D.C.Code § 1–1502(8) (1981). Here the Board is making a decision regarding the parties' specific legal right to have the contract awarded and executed; therefore, the only issue is whether a specific statute or the Constitution entitled a party to a hearing prior to the award and execution of the contract. *District of Columbia v. Douglass,* 452 A.2d 329, 331 (D.C.1982).

■ There is no constitutional right to a hearing before the award and execution of a contract, because no property interest exists prior to execution. *See Jonal Corp. v. District of Columbia,* 175 U.S.App.D.C. 57, 62, 533 F.2d 1192, 1197 (1976) (hearing held after the District of Columbia allegedly modified contract terms met the dictates of due process). The statute setting forth the broad requirements for competitive bidding

**3.** This court's order was issued on April 27, 1983, noting that this opinion would follow.

does not require a hearing. D.C.Code § 2–2536 (1981). The detailed procedures set forth in the Board's regulations do not require a hearing. 29 D.C.Reg. 4885, 4895 § 1011.7–.10 (Nov. 5, 1982). The informal review by the CRC was not required by statute, regulation, or the Constitution and did not involve an evidentiary hearing or an opportunity to cross-examine the witnesses. *Cf.* D.C.Code § 1–1509 (1981) (evidentiary hearings and an opportunity to cross-examine exist in contested cases).

■ Thus, the award of a contract for an on-line lottery system is not a contested case and a direct appeal from the Board's decision to this court will not lie. Therefore, the trial court's determination that it had jurisdiction to review the Board's decision was correct.

### III.

■ LTE appealed two ten-day temporary restraining orders. Such orders are not appealable because they are of short duration, terminate with the ruling on the preliminary injunction, and are issued either *ex parte* or without a full scale adversary and evidentiary hearing. *Smith v. Jackson State College,* 441 F.2d 278, 279 (5th Cir.1971), *cert. denied,* 404 U.S. 994, 92 S.Ct. 530, 30 L.Ed.2d 456 (1971); 11 *C. Wright & A. Miller, Federal Practice and Procedure* § 2962 at 616–622 (1973). *See Sampson v. Murray,* 415 U.S. 61, 87, 94 S.Ct. 937, 951, 39 L.Ed.2d 166 (1974); *National Mediation Board v. Airline Pilots Assoc., Internat'l,* 116 U.S.App.D.C. 300, 323 F.2d 305 (1963); *Macfarland v. Washington, Alexandria and Mt. Vernon R.R. Co.,* 18 App. D.C. 456, 458 (1901). Therefore, these appeals are dismissed for lack of jurisdiction.[4]

*So ordered.*

---

4. The ten-day temporary restraining orders appealed from here were granted after a limited hearing where counsel argued and the court took judicial notice of the CRC report, but where no evidence was introduced and where no witnesses testified. Therefore, this court need not reach the question of whether a temporary restraining order which is extended beyond twenty days or issued after a full-scale evidentiary hearing would constitute a preliminary injunction and thus be immediately appealable under D.C.Code § 11–721(a)(2)(A) (1981). *Sampson, supra,* 415 U.S. at 87, 94 S.Ct. at 951; *National Mediation Board, supra,* 116 U.S.App.D.C. at 300, 323 F.2d at 305; *Macfarland, supra,* 18 U.S.App.D.C. at 458.