**In re GOLDEN PLAN OF CALIFORNIA, Debtor.**

**Melvyn J. CoBEN, Trustee, Appellee,**

v.

**Jeffrey APLAND, et al., Appellants.**

**BAP No. EC 82–1241 EAbAs.**
**Bankruptcy Nos. 282–00571–D–11 to 282–00574–D–11.**
**Adv. No. 282–0593.**

United States Bankruptcy Appellate Panels Ninth Circuit.

Submitted Nov. 18, 1983.

Decided Jan. 17, 1984.

John J. Conneely, Thomas M. Peterson, Brobeck, Phleger & Harrison, San Francisco, Cal., for appellants.

Cooper & Shaffer, W. Austin Cooper, Mark Gorton, Sacramento, Cal., for appellee.

Before ELLIOTT, ABRAHAMS and ASHLAND, Bankruptcy Judges.

## OPINION

ELLIOTT, Bankruptcy Judge:

Appellants appeal from a restraining order issued by the bankruptcy judge.

We hold that Rule 65, Fed.R.Civ.Pro. (incorporated into Bankruptcy Rule 765) is fully applicable and governs the issuance of restraining orders and injunctions, and reverse the order appealed from.

## FACTS

The trustee of the debtors filed a complaint against the appellants and others on April 23, 1982. On April 26, 1982 the trustee filed a formal application for a temporary restraining order (TRO). On the same day, the trial judge signed a TRO prepared by counsel for the trustee. The order restrained the appellants, their agents and employees from transferring or encumbering any real property or livestock owned by them, or in their possession or recorded in their names. The order also restrained appellants from transferring any personal property or money in any one transaction in which more than $1,000.00 in value is involved. The TRO also ordered the defendants to show cause, on May 24, 1982, why a preliminary injunction should not issue.

Because of Rule 65(b) the TRO expired on May 6th, ten days after it was issued. *Granny Goose Foods v. Brotherhood of Teamsters, etc.,* 415 U.S. 423, 94 S.Ct. 1113, 39 L.Ed. 435. In addition, the TRO violates Rule 65(b) in that it does not " . . . define the injury and state why it is irreparable and why the order was granted without notice, . . . ." *Farrell v. Danielson,* C.A.9th (1961) 296 F.2d 39, 42.

At the show cause hearing on May 24, the court held that 11 U.S.C. § 105 gave him power to enter all necessary orders and that § 105 took priority over and superseded Fed.R.Civ.Pro. 65(b) and any other bankruptcy rule.

11 U.S.C. § 105(a) provides:

The bankruptcy court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title.

■ The order of the U.S. Supreme Court dated April 24, 1973 promulgating the bankruptcy rules that governed the proceeding before the court recites that the rules govern practice and procedure under the Bankruptcy Act. Bankruptcy Rule 701 makes the rules in Part VII applicable to an adversary proceeding brought to obtain an injunction. One of the Part VII rules is Bankruptcy Rule 765. Therefore we cannot seriously entertain the trustee's argument that Rule 765 does not apply. Rule 765 cannot be superseded by § 105 or otherwise affected by the section because the rule is not in any way inconsistent with the section. While § 105 grants power to the bankruptcy court to issue injunctions, Bankruptcy Rule 765 states the procedure for exercise of that power.

■ The trial court continued the TRO from time to time, taking evidence on June 9, July 13, July 20, July 21 and September 2, 1982. On September 2, 1982 the court took under submission the application for injunctive relief, continuing the TRO in full force and effect until further notice. This extraordinary order virtually prohibited all business activity by the appellants for 19 months (at the time the appeal was taken under submission). As stated in *National Mediation Board v. Airline Pilots Assn.,* 116 U.S.App.D.C. 300, 323 F.2d 305 (1963):

It is because the remedy is so drastic and may have such adverse consequences that the authority to issue temporary restraining orders is carefully hedged in Rule 65(b) by protective provisions. And the most important of these protective provisions is the limitation on the time during which such an order can continue to be effective.

■ The order made at the order to show cause hearing continuing the restraining order on May 24, 1982 cannot stand as a preliminary injunction because of the lack of findings of fact and conclusions of law. In *Sampson v. Murray,* 415 U.S. 61, 94 S.Ct.

937, 39 L.Ed.2d 166 the court stated, at 415 U.S. 86, at 94 S.Ct. 951,

The Court of Appeals whose judgment we are reviewing has held that a temporary restraining order continued beyond the time permissible under Rule 65 must be treated as a preliminary injunction, and must conform to the standards applicable to preliminary injunctions......
We believe that this analysis is correct, at least in the type of situation presented here, and comports with general principles imposing strict limitations on the scope of temporary restraining orders. A district court, if it were able to shield its orders from appellate review merely by designating them as temporary restraining orders rather than as preliminary injunctions, would have virtually unlimited authority over the parties in an injunctive proceeding.

The order appealed from is REVERSED.