762 F.2d 1009
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
MARCEL G. MEYER, PETITIONER-APPELLANT, (84-1622)
v.
COMMISSIONER OF INTERNAL REVENUE, RESPONDENT-APPELLEE.
IN RE MARCEL G. MEYER, (84-1746)
 NO. 84-1622, 84-1746
 United States Court of Appeals, Sixth Circuit.
 3/8/85
 
 ORDER
 BEFORE: KENNEDY and MILBURN, Circuit Judges; and PHILLIPS, Senior Circuit Judge.
 
 
 1
 This matter is before the Court upon the appellant's petition for a writ of Mandate/Prohibition, case number 84-1746 and upon the appellant's appeal of the Tax Court's decision sustaining an Internal Revenue Service determination of tax deficiency, case number 84-1622. Additionally, a motion to stay execution and judgment pending appeal has been filed in each case. These matters have been referred to a panel of this Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After examination of the record, the appellant's petition, motions and brief, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 The appellant, in the tax returns for the years 1977-1981, claimed that money received in wages and the cost of group term life insurance provided by his employer were non-taxable receipts. In addition to assessing a tax deficiency for the years in question, the Internal Revenue Service also charged appellant additional tax and penalties pursuant to 26 U.S.C. Sec. 6651, Sec. 6653(a), Sec. 6654 and Sec. 6673. The Tax Court sustained the deficiency in its entirety. The appellant's rationale in contesting the Tax is that he is a 'non-taxable' person. Specifically, the appellant contends that income tax is an excise tax which may only be levied against a corporation or enfranchised individual. Since appellant is neither a corporation nor an enfranchised individual, he concludes that he owes no tax. Second, he claims that he is not a person with taxable income because he exchanges time, labor and energy for wages; therefore, the wages cannot be considered income or gain because employment is a zero sum transaction, i.e. 'the equal exchange theory.'
 
 
 3
 The appellant's petition for writ of Mandate/Prohibition is improper. The petition in question was filed after the Tax Court appeal was filed in 84-1622. The petition alleges that the Tax Court and the Internal Revenue Service are without jurisdiction in this case. A writ of prohibition cannot be used as a substitute for appeal. See Will v. United States, 389 U.S. 90 (1967); National City Bank v. Battisti, 581 F.2d 565 (6th Cir. 1977).
 
 
 4
 The appellant's contentions on appeal of the tax deficiency are clearly frivolous. Wages of an individual are clearly taxable as income. Perkins v. Commissioner of Internal Revenue, 746 F.2d 1187 (6th Cir. 1984); United States v. Buras, 633 F.2d 1356 (9th Cir. 1980); United States v. Silkman, 543 F.2d 1218 (8th Cir. 1976); Lonsdale v. C.I.R., 661 F.2d 71 (5th Cir. 1981).
 
 
 5
 Finally, the motions for stay of judgment and execution are improper. The appellant has not complied with the requirements set forth in 26 U.S.C. Sec. 7485(a).
 
 
 6
 Accordingly, it is ORDERED that the petition for a writ of Mandate/Prohibition and the motion for a stay pending appeal be and hereby are denied. Further, the judgment of the Tax Court is affirmed pursuant to Rule 9(d)(2), Rules of the Sixth Circuit.