774 F.2d 1164
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
George Howard Williams, Petitioner-Appellant,
v.
John Rees, Warden, and Attorney General Of Kentucky,
Respondents-Appellees.
 No. 85-5195
 United States Court of Appeals, Sixth Circuit.
 9/24/85
 
 1
 W.D.Ky.
 
 AFFIRMED
 ORDER
 
 2
 BEFORE: ENGEL and MILBURN, Circuit Judges; and WISEMAN, District Judge.*
 
 
 3
 This matter is before the Court upon the appellant's motion for counsel and petition for a writ of prohibition. The appeal has been referred to this panel pursuant to Rule 9(a), Rules of the Sixth Circuit. After examination of the record, the motion and appellant's informal brief, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 4
 George Howard Williams is appealing the denial of his petition for habeas corpus, 28 U.S.C. Sec. 2254. He is incarcerated in a Kentucky prison pursuant to a conviction for robbery and a conviction for being a persistent felony offender, first degree. The appellant was convicted of robbing James Graham at gunpoint. The persistent felony offender enhancement was obtained through the use of two prior felony convictions for armed robbery. Williams had pled quilty in a two count armed robbery indictment, number 134973, and a one count armed robbery indictment, number 134222. The persistent felony offender conviction resulted in enhancement of the armed robbery sentence to thirty-five years. The appellant's conviction was affirmed by the Kentucky Supreme Court in Williams v. Commonwealth, 644 S.W.2d 335 (Ky. 1982).
 
 
 5
 On appeal, the appellant first alleges that the district court erred in not holding a hearing concerning his allegations that the persistent felony offender conviction was invalid. Specifically, he contended the conviction was obtained through the use of prior uncounseled convictions. The record in the state trial court was silent as to whether the appellant had counsel in case number 134222; therefore, the appellant has stated a colorable issue in this respect. See Burgett v. Texas, 389 U.S. 109 (1967). However, when a habeas petitioner has made a prima facae case that a constitutional right has been violated in state court proceedings, the state may introduce extrinsic evidence in a federal habeas action to rebut the allegation. See Townsend v. Sain, 372 U.S. 293, 311 1963); Roddy v. Black, 516 F.2d 1380 (6th Cir.), cert. denied, 423 U.S. 917 (1975). The state introduced conclusive evidence, consisting of certified Kentucky court records, in the appendix with the motion for summary judgment which shows the appellant had counsel in both prior convictions. Consequently, his argument in this respect is without merit, and the district court did not abuse its discretion in refusing to hold a hearing. See Raines v. United States, 423 F.2d 526 (4th Cir. 1970).
 
 
 6
 The appellant also contends that the state trial court improperly used these prior uncounseled felonies for impeachment purposes. As mentioned above, it is clear the appellant had counsel in these convictions. Furthermore, a hearing was held in compliance with Cotton v. Commonwealth, 454 S.W.2d 698 (Ky. 1970). Cotton holds that only felonies with characteristics that would be relevant as to the truth and veracity of a witness may be introduced as relevant to the credibility of the witness. The Kentucky trial court gave an admonition to that effect. In addition, federal courts allow introduction of this type evidence to impeach the credibility of a witness. See United States v. Cornett, 484 F.2d 1365, 1368 (6th Cir. 1973); United States v. Denton, 307 F.2d 336 (6th Cir. 1962).
 
 
 7
 The appellant's final argument is that his rights were violated by the Kentucky trial court when it refused to grant a continuance so that appellant's counsel could investigate claims that a mental inquest warrant had been taken against the prosecuting witness, Graham. This argument is without merit. In the colloquy between the trial court and the prosecuting witness, it is apparent the witness was responsive and capable of observing the crime and recounting the circumstances surrounding the crime. Graham was a competent witness. In federal court, there is no specific disqualification based upon mental incapacity. See Rule 601, et seq., Federal Rules of Evidence. The state trial court did not abuse its discretion in refusing the continuance.
 
 
 8
 As noted earlier, the appellant filed a petition for writ of prohibition along with this appeal. The appellant argues the merits of his appeal in his petition for writ of prohibition. Williams has misperceived the character of the writ as it cannot be used as a substitute for appeal. National City Bank v. Battisti, 581 F.2d 565 (6th Cir. 1977).
 
 
 9
 Accordingly, it is ORDERED that the motion for counsel and petition for writ of prohibition are denied. Furthermore, the judgment of the district court is affirmed pursuant to Rule 9(d)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Thomas A. Wiseman, Jr., U.S. District Judge for the Middle District of Tennessee, sitting by designation