**Tony FILMORE, Petitioner,**

v.

**Girard E. KALBFLEISCH, Respondent.**

**No. 14427.**

United States Court of Appeals
Sixth Circuit.

Jan. 18, 1961.

Sam R. Stevens, Whitmer, McGinness & Zimmerman, Cleveland, Ohio, for petitioner.

Before CECIL, WEICK and O'SULLIVAN, Circuit Judges.

### ORDER DENYING APPLICATION FOR WRIT OF PROHIBITION.

There is pending before the respondent district judge a petition for warrant of removal against Tony Filmore, for his removal for arraignment and trial under an indictment returned by a grand jury sitting in the United States District Court for the Southern District of Florida, Miami Division. Petitioner Filmore did not waive removal hearing and a hearing upon his removal was had before a United States Commissioner, who made a report to the respondent district judge recommending that a warrant of removal of petitioner to the U. S. District Court, Miami, Florida, be issued (Rule 40(b) (3), Federal Rules of Criminal Procedure, 18 U.S.C.A.).

From the papers before us, it appears that the District Judge has not yet issued a warrant of removal upon the report of the Commissioner. It further appears that the district judge, upon motion of petitioner, set a hearing for determination, "as to whether the Commissioner's report shows sufficient ground for issuing a warrant of removal". As far as the papers before us disclose, such hearing has not been had or concluded and no final order has been entered by the district judge.

Title 28, U.S.C.A. § 1651(a) authorizes this court to issue such a writ as is here sought where "necessary or ap-

**172**

propriate in aid" of its jurisdiction. The extraordinary writs of prohibition and mandamus will be issued by this court only in extreme and unusual cases. Roche v. Evaporated Milk Ass'n, 319 U.S. 21, 63 S.Ct. 938, 87 L.Ed. 1185; Torres v. Walsh, 2 Cir., 221 F.2d 319; Allstate Ins. Co. v. United States Dist. Court, 6 Cir., 264 F.2d 38; Beneke v. Weick, 6 Cir., 275 F.2d 38; Massey-Harris-Ferguson, Ltd. v. Boyd, 6 Cir., 242 F.2d 800. The instant application does not present such extraordinary circumstances.

Petition for writ of prohibition is hereby denied.