**UNIVERSITY NATIONAL STOCKHOLD-
ERS PROTECTIVE COMMITTEE,
INC., Petitioner,**

v.

**UNIVERSITY NATIONAL LIFE IN-
SURANCE COMPANY et al.,
Respondents.**

**No. 15655.**

United States Court of Appeals
Sixth Circuit.

March 3, 1964.

Certiorari Denied May 18, 1964.

See 84 S.Ct. 1335.

W. Raymond Denney, Nashville, Tenn.,
Robert L. Taylor, William M. Walsh,
Memphis, Tenn., for petitioner.

John M. Heiskell, Thomas E. Douglas,
Jr., Robert L. Dobbs, Memphis, Tenn.,
for respondents.

Before MILLER, CECIL and PHIL-
LIPS, Circuit Judges.

PER CURIAM.

A petition has been filed in this Court
seeking writs of certiorari and super-
sedeas, and a writ of mandamus if re-
quired, to review an interlocutory order
in this case which is now pending in the
United States District Court for the
Western District of Tennessee, Western
Division, under the style N. E. Dacus, et
al. v. Barry M. Carter, et al. The issu-
ance of extraordinary writs by this Court
is sought under the All Writs Statute, 28
U.S.C. § 1651.

The complaint was filed July 18, 1963.
On August 8, 1963, petitioner filed its
answer and cross-claim against other
defendants. The record shows that vari-
ous pretrial depositions have been under-
taken and a number of motions have been
made. Under date of October 24, 1963,
the District Judge, the Honorable Bailey
Brown, entered an order disposing of
ten motions. Petitioner concedes that
this order is not a final appealable deci-
sion, but is an interlocutory decree from
which an appeal will not lie. Petitioner
contends that if it is required to comply
with the order of the District Court of
which it complains, and await review of
a final decision, "it will have been severe-
ly injured and irreparably damaged in
the interim." Relief is sought from the
order of the District Judge in: (1) di-
recting the attorney for petitioner to
show authority to act in that capacity;
(2) overruling petitioner's written mo-
tions to expunge and strike from the
record the motion of another defendant
to take certain pretrial depositions, and
to vacate the order of the District Court
commanding certain witnesses to appear
and give their depositions; (3) overrul-
ing petitioner's written motion that his
attorney be compensated as a witness

as provided by Rule 30(g) (1), Federal Rules of Civil Procedure; (4) requiring the attorney for petitioner to produce petitioner's books and records and "work product" for examination; (5) requiring petitioner's attorney to submit to further pretrial examination; and (6) overruling petitioner's motion to require certain other parties to appear and give pretrial depositions.

It is well settled that the supplementary relief powers granted to Courts of Appeals by the All Writs Statute are meant to be used only in exceptional cases where there is a clear abuse of discretion or usurpation of judicial power. Bankers Life & Casualty Co. v. Holland, 346 U.S. 379, 382, 74 S.Ct. 145, 98 L.Ed. 106; Roche v. Evaporated Milk Association, 319 U.S. 21, 26, 63 S.Ct. 938, 87 L. Ed. 1185; Filmore v. Kalbfleisch, 286 F.2d 171 (C.A.6).

Extraordinary writs will not be used as substitutes for appeal. Hartford Accident & Indemnity Co. v. Interstate Equipment Corp., 176 F.2d 419 (C.A.3); Hoffa v. Gray, 323 F.2d 178 (C.A.6) and cases therein cited. As said by Chief Justice Stone in United States Alkali Exp. Ass'n v. United States, 325 U.S. 196, 202–293, 65 S.Ct. 1120, 1125, 89 L. Ed. 1554:

"It is evident that hardship is imposed on parties who are compelled to await the correction of an alleged error at an interlocutory stage by an appeal from a final judgment. But such hardship does not necessarily justify resort to certiorari or other of the extraordinary writs as a means of review. In such cases appellate courts are reluctant to interfere with decisions of lower courts, even on jurisdictional questions, which they are competent to decide and which are reviewable in the regular course of appeal. [Citing cases.] The writs may not be used as a substitute for an authorized appeal; and where, as here, the statutory scheme permits appellate review of interlocutory orders only on appeal from the final judgment, review by

certiorari or other extraordinary writ is not permissible in the face of the plain indication of the legislative purpose to avoid piecemeal reviews."

We find no abuse of discretion or usurpation of judicial power on the part of the District Court in this case.

The petition for writs of certiorari, supersedeas and mandamus is denied.