**BENTON HARBOR MALLEABLE INDUSTRIES, Petitioner-Appellant,**

v.

**INTERNATIONAL UNION, UNITED AUTOMOBILE, AIRCRAFT AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA (UAW–CIO),**

and

**Benton Harbor Malleable Local No. 880 of International Union, United Automobile, Aircraft and Agricultural Implement Workers of America (UAW–CIO), Respondents-Appellees.**

**Nos. 16958, 16977.**

United States Court of Appeals
Sixth Circuit.

Jan. 26, 1966.

Theophil C. Kammholz, Victor L. Lewis, Chicago, Ill., Elden W. Butzbaugh, Benton Harbor, Mich., on brief for petitioner; Vedder, Price, Kaufman & Kammholz, Chicago, Ill., Butzbaugh, Page & Byrns, Benton Harbor, Mich., of counsel.

Stanley E. Beattie, Detroit, Mich., on brief for respondents; Joseph L. Rauh, Jr., Washington, D. C., Stephen I. Schlossberg, Detroit, Mich., Ned W. Deming, Kalamazoo, Mich., of counsel.

Before PHILLIPS, EDWARDS and CELEBREZZE, Circuit Judges.

PER CURIAM.

A motion has been submitted to this court by petitioner-appellant for leave to file a petition for writ of certiorari to review the order of the district court granting a new trial. This motion and the petition for certiorari are docketed under No. 16,958. Petitioner-appellant has undertaken to perfect an appeal, which is docketed as No. 16,977, and has filed a motion for joint consideration of the petition for writ of certiorari and appeal. Respondents have filed a motion

to strike the appeal and a brief in opposition to the petition for writ of certiorari.

The issuance of a writ of certiorari by this court is sought under the All Writs Statute, 28 U.S.C. § 1651(a).

Petitioner sued respondents under Section 301 of the Labor-Management Relations Act, 29 U.S.C. § 185, seeking to recover damages resulting from three strikes conducted by the respondent labor unions allegedly in violation of a collective bargaining agreement containing a no-strike clause. The jury returned a verdict in the amount of $115,000 against the respondent Local Union and $1,210,000 against the respondent International Union.

District Judge W. Wallace Kent granted a motion for a new trial on the ground of the dollar difference in the jury's verdicts against the respondents-appellees, saying:

> "It appears to the satisfaction of this court, and plaintiff does not deny, that the Local Union participated in all of the strike activities, and, therefore, viewing the evidence in the best light for the plaintiff, must be at least, and no less than, equally liable with the International Union."

Upon motion for reconsideration, the district judge denied an interlocutory appeal under 28 U.S.C. § 1292.

Petitioner contends that the district court exceeded its jurisdiction and abused its discretion in ordering a new trial, and that the order is in violation of Rules 51, 59(a), 59(b) and 61 of the Federal Rules of Civil Procedure.

■ "It is settled law that an appeal does not lie from an order granting a new trial." Ford Motor Co. v. Busam Motor Sales, 185 F.2d 531, 533 (C.A.6).

■ It is equally well established that an interlocutory appeal from an order of the district court will not be allowed unless the district judge has stated in writing that the order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ulti-

mate termination of the litigation." 28 U.S.C. § 1292(b); Gulf States Paper Corp. v. Johnson, 269 F.2d 835 (C.A.6). In the present case the district judge expressly declined to make such a certification.

■ It likewise is well settled that the extraordinary writ of certiorari will not be used as a substitute for appeal. "[T]he supplementary relief powers granted Courts of Appeals by the All Writs Statute are meant to be used only in exceptional cases where there is a clear abuse of discretion or usurpation of judicial power. * * *" University National Stockholders Protective Committee, Inc. v. University National Life Insurance Co., 328 F.2d 425, 426 (C.A.6), cert. denied, 377 U.S. 933, 84 S.Ct. 1335, 12 L.Ed.2d 296. As said by Chief Justice Stone in United States Alkali Export Ass'n v. United States, 325 U.S. 196, 202–203, 65 S.Ct. 1120, 1125, 89 L.Ed. 1554:

> "It is evident that hardship is imposed on parties who are compelled to await the correction of an alleged error at an interlocutory stage by an appeal from a final judgment. But such hardship does not necessarily justify resort to certiorari or other of the extraordinary writs as a means of review. In such cases appellate courts are reluctant to interfere with decisions of lower courts, even on jurisdictional questions, which they are competent to decide and which are reviewable in the regular course of appeal. [Citing cases.] The writs may not be used as a substitute for an authorized appeal; and where, as here, the statutory scheme permits appellate review of interlocutory orders only on appeal from the final judgment, review by certiorari or other extraordinary writ is not permissible in the face of the plain indication of the legislative purpose to avoid piecemeal reviews".

■ We do not find that the order of the district court granting a new trial in this case constitutes "a clear abuse of

discretion or usurpation of judicial power." The motion for leave to file a petition for certiorari and for joint consideration of the petition and appeal is overruled. The motion to strike the appeal is granted and the appeal is dismissed.