UNITED STATES of America,
Petitioner,

v.

Honorable Frank J. BATTISTI, Chief Judge, United States District Court for the Northern District of Ohio, Respondent.

No. 73–1177.

United States Court of Appeals,
Sixth Circuit.

Oct. 25, 1973.

Frederick M. Coleman, U. S. Atty., N. D. Ohio, Cleveland, Ohio, Henry E. Petersen, Asst. Atty. Gen., Crim. Div., Dept. of Justice, Washington, D. C., for petitioner.

Niki Z. Schwartz, Gold, Rotatori, Messerman & Hanna, Cleveland, Ohio, for respondent.

Before PHILLIPS, Chief Judge, and PECK and LIVELY, Circuit Judges.

HARRY PHILLIPS, Chief Judge.

By petition for writ of mandamus or prohibition, the Department of Justice asks this Court to direct the District Court to vacate two orders: (1) requiring the recording of all grand jury testimony; and (2) directing, in a certain criminal case,[1] that the Government produce, for the inspection of defense counsel, the names and addresses of all persons whom the Government intends to call as witnesses at the hearing or trial, and all known records of prior criminal convictions of prospective witnesses, when such records have come to the attention of the Government in the ordinary course of preparation for trial. The latter order provides:

"The failure of the Government to comply with this order will result in the exclusion of the testimony of the witness or witnesses to which the information pertains."

### 1) Background

Effective January 15, 1973, new local criminal rules were adopted by the United States District Court for the Northern District of Ohio. Among these rules were the following:

"Rule 3(c) An official reporter shall attend and record all testimony of witnesses appearing before every Grand Jury. Such record shall be filed with the Clerk of Courts and transcribed and released to the Court upon order or to the United States Attorney upon request and payment of the appropriate fees to the official reporter.

\* \* \* \* \* \*

"Rule 15(a) Within ten (10) days after arraignment, the United States Attorney and defendant's attorney shall confer; and, upon request, the Government shall disclose to counsel for the defendant the following material and information within its possession or control:

\* \* \* \* \* \*

"3. The names and addresses of all persons whom the Government intends to call as witnesses at the hearing or trial, together with their relevant written or recorded statements. Names and addresses of witnesses shall not be subject to disclosure if the prosecuting attorney certifies that to do so may subject the witness or others to physical or substantial economic harm or coercion.

\* \* \* \* \* \*

"6. Any record of prior criminal convictions of persons whom the Government intends to call as witnesses at the hearing or trial."

On February 26, 1973, the Government filed in this court a "Petition for A Writ of Mandamus or Prohibition" against the United States District Court for the Northern District of Ohio and each of its judges individually, challenging the validity of certain of these rules, including those quoted above. On March 7, 1973, the District Court repealed the challenged rules.

On February 28, 1973, Honorable Frank J. Battisti, Chief Judge of the District, entered an order in his capacity as Chief Judge, requiring the recording of all grand jury testimony. This order is as follows:

"No Grand Jury Session, at which testimony of witnesses is to be received, may be held in the absence of an official reporter, who shall attend and record all such testimony before the Grand Jury. Should any Grand Jury Session, at which the testimony of witnesses is to be received, be convened without an official reporter, the Clerk of Courts is hereby ordered to recall all grand jury members from the grand jury room and dismiss them from that day's jury service. Should the United States Attorney, or his designate, inform the Clerk that a Grand Jury Session at which testimony of witnesses is to be received, is

---

1. United States v. Moceri, 359 F.Supp. 431 (N.D.Ohio 1973).

not to be recorded by an official reporter, the Clerk of Courts is hereby restrained from calling that panel for service on that day.

"IT IS SO ORDERED."

On March 8, in the case cited in footnote 1, Judge Battisti ordered the Government to show cause why it should not produce certain materials. The language of this order was taken directly from the challenged local Rule 15(a) (quoted above), which had been repealed the preceding day.

On March 29, 1973, the Government filed a "Supplement To Petition for a Writ of Mandamus or Prohibition," asking that the action proceed against Judge Battisti. This petition challenges the validity of the order of February 28 requiring the recording of all grand jury testimony, and the order of March 8 requiring discovery.

On April 13, 1973, this court entered an order denying the application for writs of mandamus or prohibition on the ground that these extraordinary writs may not be substituted for an appeal. This order recited that the court will consider the validity of the orders complained of when presented in a proper case on appeal. On May 3, 1973, the Government filed a petition for rehearing, asserting: (1) that there will be no appropriate case in which to contest by appeal the power of the Chief District Judge to forbid the United States to hold Grand Jury Sessions without a court reporter; and (2) that mandamus is the only proper remedy to contest the discovery order in the *Moceri* case.

This court thereupon granted reconsideration. The issues raised by the Government's petition now are before us for decision.

### 2) Reporting of Grand Jury Proceedings

This court, as well as a majority of the other circuits, recognizes that the recordation of grand jury testimony, although not required by the Constitution or by statute, is the better practice.

In United States v. Hensley, 374 F.2d 341, 352 (6th Cir. 1967), the rule in this Circuit was stated as follows:

"Appellants claim constitutional infringement by the fact that no record was made of grand jury minutes and hence the testimony was not available to them. They are able to cite no law in support of this contention. We agree with the Second Circuit that having a stenographer present to transcribe the testimony given before the grand jury would be better procedure, but that such a transcript is not a constitutional requirement. United States v. Cianchetti, 315 F.2d 584 (C. A. 2, 1963). We also read Lawn v. United States, 355 U.S. 339, 78 S.Ct. 311, 2 L.Ed.2d 321 (1958), and Costello v. United States, 350 U.S. 359, 76 S.Ct. 406, 100 L.Ed. 397 (1955), generally to the contrary of appellants' contention."

8 J. Moore, Federal Practice, § 6.-02[2](d), at 6–17, 19 (2d ed. 1965) states that "[t]here is no requirement that testimony before the grand jury must be recorded verbatim, although this is acknowledged to be the better practice."

Among the decisions supporting the above-quoted view of this court are: United States v. King, 478 F.2d 494, 507 (9th Cir. 1973); United States v. Aloisio, 440 F.2d 705 (7th Cir.), cert. denied, 404 U.S. 824, 92 S.Ct. 49, 30 L.Ed. 2d 51 (1971); Schlinsky v. United States, 379 F.2d 735, 740 (1st Cir. 1967); United States v. Cianchetti, 315 F.2d 584 (2d Cir. 1963); United States v. Messitte, 324 F.Supp. 334 (S.D.N.Y. 1971); United States v. Gramolini, 301 F.Supp. 39 (D.R.I.1969); In re Russo, 53 F.R.D. 564 (C.D.Cal.1971).

In United States v. Aloisio, *supra*, the Court of Appeals for the Seventh Circuit said:

"While we agree that the preservation of grand jury testimony is the wise practice, we are presently unwilling to bind the various district courts of this Circuit to such a practice.

Rather, we will rely upon the individual district courts to exercise their local rule-making powers in this area pending any amendment to Rule 6(e) of the Federal Rules of Criminal Procedure." 440 F.2d at 708.

In a footnote the court commended the United States District Court for the Northern District of Illinois for adopting a local rule requiring the recording of all testimony before a grand jury, in the following language:

"Commendably, the United States District Court for the Northern District of Illinois has already adopted an appropriate rule to that effect:

Local Rule 1.04(c). *Official Reporter to Attend Sessions of the Grand Jury.* An Official Reporter of this Court shall attend and record all testimony of witnesses appearing before every Grand Jury. Such record shall be filed with the Clerk of the Court and transcribed and released to the Court upon order or to the United States Attorney upon request and payment of the appropriate fees to the Official Reporter.

See United States v. Gramolini, 301 F.Supp. 39 (D.R.I.1969), for a perceptive study of this problem." 440 F.2d at 708, n. 2.

In United States v. King, *supra*, 478 F.2d at 508, the Court of Appeals for the Ninth Circuit said:

"We repeat our previous warnings, however: the Government is courting disaster when it fails to record grand jury proceedings, and the judges should exercise their discretion to require such recording."

In United States v. Gramolini, *supra*, 301 F.Supp. at 42, the court said:

"However, the United States Attorney is hereby on notice that every indictment handed down subsequent to the effective date of this decision is vulnerable if grand jury proceedings in obtaining those indictments are not transcribed or otherwise equally effectively recorded."

Rule 6(d), Fed.R.Crim.P., provides that "for the purpose of taking the evidence, a stenographer or operator of a recording device may be present while the grand jury is in session."

The American Bar Association's Special Committee on Federal Rules of Practice has recommended that Rule 6 be amended so as to require that a court reporter transcribe the minutes of all proceedings of a grand jury that are accusatorial in nature. 38 F.R.D. 106.

In Dennis v. United States, 384 U.S. 855, 869–870, 86 S.Ct. 1840, 16 L.Ed.2d 973 (1966), the Supreme Court reaffirmed the power of a District Court under Rule 6(e) to require disclosure of grand jury testimony.

Under these authorities, this court is not willing to issue a writ of mandamus requiring the District Court to vacate its order requiring recordation of the Grand Jury testimony.

■ As said by this court, speaking through Judge Weick, in Albert v. U. S. District Court for Western District of Michigan, 283 F.2d 61, 62 (6th Cir. 1960):

"Before petitioner may resort to the extraordinary writ of mandamus, he must establish that he has a clear and certain right and that the duties of the respondent are ministerial, plainly defined and peremptory. United States ex rel. McLennan v. Wilbur, 283 U.S. 414, 51 S.Ct. 502, 75 L.Ed. 1148; United States ex rel. Girard Trust Co. v. Helvering, 301 U.S. 540, 57 S.Ct. 855, 81 L.Ed. 1272; Rayborn v. Jones, 6 Cir., 1960, 282 F.2d 410."

■ The extraordinary writs of mandamus and prohibition will be issued by the Court of Appeals only in extreme and unusual cases. Aday v. United States District Court for Western District of Michigan, 318 F.2d 588, 591 (1963); Filmore v. Kalbfleisch, 286 F. 2d 171, 172 (6th Cir. 1961).

■ The application for writ of mandamus is denied as to the action of the District Judge with respect to the recordation of grand jury testimony.

### 3) The Discovery Order

We come now to the discovery order entered by the District Court.[2]

The order is as follows:

"Accordingly, the Government is hereby ordered to produce for the inspection of defense counsel the following:

"1. The names and addresses of all persons whom the Government intends to call as witnesses at the hearing or trial; and

"2. Known records of prior criminal convictions of prospective witnesses, when such records have come to the attention of the Government in the ordinary course of preparation for trial.

The failure of the Government to comply with this order will result in the exclusion of the testimony of the witness or witnesses to which the information pertains.

"Defense counsel shall not reveal any information received pursuant to paragraph 2 above, except at trial for the purpose of impeaching of the witness in question."

The Government asserts that this order goes beyond the discretion of the District Court under Rule 16, Fed.R. Crim.P. If this question were properly before this court for adjudication, it is clear that a serious issue would be presented.

In United States v. Conder, 423 F.2d 904, 910 (6th Cir. 1970), this court said: "[T]he names and criminal records of government witnesses are not discoverable under Rule 16(b)." *See also* United States v. Annoreno, 460 F.2d 1303, 1310 (7th Cir. 1972); United States v. Addonizio, 451 F.2d 49, 64 (3rd Cir.), cert. denied, 405 U.S. 936, 92 S.Ct. 949, 30 L.Ed.2d 812 (1972); Rosenzweig v. United States, 412 F.2d 844, 845 (9th Cir. 1969); Hemphill v. United States, 392 F.2d 45, 48 (8th Cir.), cert. denied,

393 U.S. 877, 89 S.Ct. 176, 21 L.Ed.2d 149 (1968).

Whether this issue can be adjudicated in the present proceeding depends on whether the order here under attack is an appealable order. Mandamus may not be used as a substitute for an appeal when an appeal is the proper procedure. Hoffa v. Gray, 323 F.2d 178 (6th Cir.), cert. denied, 375 U.S. 907, 84 S.Ct. 199, 11 L.Ed.2d 147 (1963).

The attorneys for Judge Battisti argue that such an order is appealable under 18 U.S.C. § 3731. No authority, other than the literal wording of the statute, is cited to support this position.

The Government, on the other hand, contends that the order is not appealable. It is the Government's position that only the actual order of exclusion for undisclosed witnesses would be within the purview of the statute. Such an order would come during the trial after jeopardy had attached. The Government correctly contends that it could not appeal such a mid-trial order. The crux of this argument is that Judge Battisti's order of May 9, 1973, is not a "decision or order of a district court suppressing or excluding evidence. . . . " 18 U.S.C. § 3731. The Government, therefore, seeks a writ of mandamus or prohibition to set aside the order of May 9, 1973.

To buttress the view that an extraordinary writ is the only remedy the Government relies upon Will v. United States, 389 U.S. 90, 88 S.Ct. 269, 19 L.Ed.2d 305 (1967), where the trial court issued a pre-trial discovery order. The judge indicated his *intention* to dismiss the indictment because of the Government's non-compliance. Before the case was dismissed the Government petitioned for a writ of mandamus to compel the trial court to vacate its order. The Court of Appeals denied the writ, but on reconsideration without new briefs or oral argument the court reversed itself, and, without an opinion, issued a writ of

---

2. For purposes of this opinion we deal with the discovery order entered by the District

Judge in *Moceri* on May 9, 1973, not the show cause order of March 8, 1973.

mandamus. The Supreme Court vacated the writ and remanded because of the absence of an opinion by the Court of Appeals.

Apparently the Government relies on this case to show that since a pre-trial discovery order can properly be reviewed by writ of mandamus, then no appeal will lie under 18 U.S.C. § 3731. We conclude that reliance on this case is misplaced since it was decided before the 1968 and 1971 amendments to § 3731.

■ Whether the May 9 order could be appealed *vel non* appears to be a question of first impression. We conclude that it is appealable under 18 U.S.C. § 3731, as amended by Pub.L. 91–644, Title III, § 14(a), 84 Stat. 1890. The nearest that this court has come to resolving this issue was in United States v. U. S. District Court for Eastern District of Michigan, 444 F.2d 651 (6th Cir. 1971), aff'd, 407 U.S. 297, 92 S.Ct. 2125, 32 L.Ed.2d 752 (1972). A petition for writ of mandamus was brought to compel the trial court to set aside the following pre-trial discovery order:

"This Court hereby ORDERS that the Government make full disclosure to defendant Plamondon of his monitored conversations. The Court, in the exercise of its discretion, further ORDERS that an evidentiary hearing to determine the existence of taint, either as to the indictment or as to the evidence introduced at trial, be conducted at the conclusion of the trial of this matter." United States v. Sinclair, 321 F.Supp. 1074, 1080 (E.D. Mich.1971).

The jurisdiction of this court was challenged on the ground that mandamus was not an appropriate form of action to review the question.

The court said:

"It is clear that the District Court order under attack is a pretrial order interlocutory in nature, and hence, not appealable under 28 U.S.C. § 1291 (1964) which conveys appellate power to this court to review only 'final' orders of the District Courts. Cogen v. United States, 278 U.S. 221, 49 S.Ct. 118, 73 L.Ed. 275 (1929). Nor is the order here under attack subject to appeal under 28 U.S.C. § 1292 (1964), which grants appellate power to this court in certain limited classes of interlocutory orders, nor under 18 U.S. C. § 3731 (Supp. V, 1965–69), which deals specifically with criminal appeals.[1] "

"1. The amendment to 18 U.S.C. § 3731, approved January 2, 1971, is by its terms inapplicable to this case. Pub.L. No. 91–644, § 14, 84 Stat. 1880 (Jan. 2, 1971)."

444 F.2d at 655.

The Supreme Court stated that this court was correct in deciding that mandamus was appropriate.

"Jurisdiction was challenged before the Court of Appeals on the ground that the District Court's order was interlocutory and not appealable under 28 U.S.C. § 1291. On this issue, the Court correctly held that it did have jurisdiction, relying upon the All Writs Statute, 28 U.S.C. § 1651, and cases cited in its opinion, 444 F.2d, at 655–656. No attack was made in this Court as to the appropriateness of the writ of mandamus procedure." 407 U.S. at 301, n. 3, 92 S.Ct. at 2129.

The issue in the present case differs in two aspects from *U.S. District Court, supra.* In that case the order did not provide for exclusion for non-compliance and the statute only allowed for appeals from orders granting motions to suppress. Here we have an order that provides for exclusion for non-compliance and a statute that allows appeals from decisions or orders suppressing or *excluding* evidence.

Unquestionably the grounds for appeal have been broadened by the 1971 amendment to § 3731, and this is consistent with the statutory mandate of liberal

construction. Balanced against this are the Supreme Court's repeated words of caution that the Criminal Appeals Act is to be construed strictly against the Government. *See, e. g.,* United States v. Jorn, 400 U.S. 470, 476, 91 S.Ct. 547, 27 L.Ed.2d 543 (1971); United States v. Sisson, 399 U.S. 267, 291, 90 S.Ct. 2117, 26 L.Ed.2d 608 (1970); Will v. United States, 389 U.S. 90, 96–97, 88 S.Ct. 269, 19 L.Ed.2d 305 (1967).

▮▮ The rationale behind this doctrine of strict construction is to avoid violation of the Fifth Amendment's Double Jeopardy Clause. 400 U.S. at 479–486, 91 S.Ct. 547; 399 U.S. at 307, 90 S.Ct. 2117. This doctrine has no application to a pre-trial order. United States v. Comiskey, 460 F.2d 1293, 1298 (7th Cir. 1972). Double jeopardy would not arise prior to the trial of the criminal charge. 400 U.S. at 476, 91 S.Ct. 547; 399 U.S. at 302–303, 90 S.Ct. 2117.

In United States v. Calandra, 455 F.2d 750, 752 (6th Cir. 1972), this court also adopted a liberal construction of 18 U.S.C. § 3731. The court said:

"We think that the legislative intent was to allow the Government to appeal from any order of the District Court suppressing evidence and ordering the return of seized property except those orders made during trial on an indictment or information. S.Rep. 91–1296 (91st Cong., 2d Session), p. 3. Orders made during the trial could always be reviewed on appeal from a conviction."

"Congress was aware of the restrictive judicial interpretations of earlier versions of Section 3731, and adopted the 1971 amendment to avoid them. S.Rep. 91–1296 at 18."

Perhaps the most convincing argument in favor of the appealability of the order in the present case is contained in the legislative history. It was an aim of Congress to give the Government a right to appeal discovery orders which go beyond the rules of criminal procedure. S.Rep. 91–1296 (91st Cong., 2d Sess.), p. 5. These orders typically result in a dismissal for noncompliance. Before the recent amendment to § 3731 the Government could not appeal the validity of the dismissal and the *underlying order.* S. Rep. at 5. The legislative history shows that Congress was aware of this problem and of court decisions denying the Government's right to appeal.

The Senate report specifically cites Will v. United States, 389 U.S. 90, 88 S. Ct. 269 (1967), as a case wherein the Government could not appeal a pre-trial discovery order. S.Rep. at 5 n. 13. As pointed out *supra, Will* dealt with a pre-trial discovery order per se, and the Government has relied on *Will* in this case. It was with *Will* and similar cases in mind that Congress adopted the 1971 amendment to § 3731.

In view of the literal wording of the statute, the statutory mandate for liberal construction, judicial acceptance of a liberal interpretation and the legislative history, we conclude that the order in the present case is appealable.

The Government advances only one argument against this proposition: that no order directing exclusion will come until mid-trial. The Supreme Court has observed that it is not the label but the substance of the ruling which determines the question of appealability. United States v. Sisson, 399 U.S. 267, 279 n. 7, 90 S.Ct. 2117, 26 L.Ed.2d 608. The substance of the instant order is that evidence will be excluded if the Government does not comply with the order. We conclude that this is an order "excluding evidence" within the spirit, if not the literal wording, of 18 U.S.C. § 3731.

This court adheres to its original decision that the application for writ of mandamus or prohibition be denied.