**UNITED STATES of America,
Appellant,**

v.

**Leonard HORWITZ, a/k/a "The Fox,"
Defendant-Appellee.**

**No. 644, Docket 79–1343.**

United States Court of Appeals,
Second Circuit.

Argued Jan. 23, 1980.

Decided May 29, 1980.

Scott G. Campbell, Asst. U. S. Atty., New York City (Robert B. Fiske, Jr., U. S. Atty. for the Southern District of New York, Nathaniel H. Akerman, Gregory L. Diskant, Asst. U. S. Attys., New York City, of counsel), for appellant.

Jonathan W. Lubell, New York City (Cohn, Gluckstern, Lurie, Ostrin, Lubell & Lubell, Mary K. O'Melveny, New York City, of counsel), for defendant-appellee.

Before SMITH * and FEINBERG, Circuit Judges, and OWEN, District Judge.**

FEINBERG, Circuit Judge:

After a jury trial before Judge Robert W. Sweet in the United States District Court for the Southern District of New York, Leonard Horwitz was convicted on nine counts of fraud in the sale of securities in violation of 15 U.S.C. §§ 77q(a) and 77x, one count of conspiracy to commit securities fraud in violation of 15 U.S.C. § 371, and one count of endeavoring to obstruct a grand jury investigation in violation of 18

---

* Pursuant to § 0.14 of the Rules of this Court, this appeal is being determined by Judges Feinberg and Owen, who are in agreement on this opinion. Judge Smith, who heard the argument, unfortunately died on February 16, 1980. Prior to his death, he did not have the opportunity, however, to see this opinion.

** Honorable Richard Owen, District Judge of the Southern District of New York, sitting by designation.

U.S.C. § 1503. Following his conviction, however, Horwitz moved for a new trial on the ground that he had been denied due process by the prosecutor's refusal to grant use immunity to two defense witnesses whose testimony allegedly would have exculpated Horwitz but who refused to testify on Fifth Amendment grounds. Judge Sweet granted this motion and indicated that at the new trial the testimony by the government's immunized witness, Norman Brodsky, would be suppressed unless the two defense witnesses were also immunized. The government appeals from this order pursuant to 18 U.S.C. § 3731. For the reasons stated below, we remand the case to the district court for reconsideration of its order.

## I

Defendant Horwitz's convictions stem from his participation in the fraudulent operation of the Westchester Premier Theatre (the Theatre), the details of which are set forth at greater length in our related opinion in *United States v. Weisman*, 624 F.2d 1118 (2d Cir. 1980). At trial, the government relied primarily on the testimony of three accomplice witnesses, Norman Brodsky, Bruce Kosman and Charles Ross Carino, to prove that Horwitz was guilty of the acts of securities fraud, conspiracy and obstruction of justice alleged in the indictment. All three witnesses had been involved in criminal acts relating to the Theatre's operations, but after being confronted with the government's evidence against them, had begun to cooperate in the ongoing investigation of the Theatre in return for various assurances of leniency. Brod-

sky, for example, secretly tape-recorded numerous conversations with Horwitz and his co-conspirators and served as the government's chief witness at trial in return for a grant of complete transactional immunity from any criminal liability arising out of his participation in the Theatre's affairs.

The most significant transaction testified to by the government's witnesses involved a scheme by which Horwitz and his co-defendant, Eliot H. Weisman, induced two executives of Warner Communications, Jay Emmett and Solomon Weiss, to cause Warner to purchase $250,000 worth of stock in the Theatre and to give the Theatre $50,000 in return for which Emmett and Weiss received substantial cash payoffs and promises of future secret payments from the Theatre's revenues. This testimony was supplied primarily by Brodsky. To rebut it, Horwitz moved at the close of the prosecution's case during his first trial, which ended in a mistrial, for a judicial grant of immunity to Warner executives Emmett and Weiss on the ground that their testimony would exculpate Horwitz. Alternatively, Horwitz sought admission into evidence, pursuant to Federal Rule of Evidence 804(b)(5), of the testimony of Emmett and Weiss given before the grand jury investigating the Theatre's operations.[1] Without addressing the immunity request, Judge Sweet denied the motion in an opinion dated December 21, 1978, on the ground that the "interests of justice" did not clearly require the admission under Rule 804(b)(5) of the hearsay grand jury testimony of Emmett and Weiss.

1. Rule 804(b)(5) provides in relevant part:

. . . . .

(b) Hearsay exceptions. The following are not excluded by the hearsay rule if the declarant is unavailable as a witness:

. . . . .

(5) Other exceptions. A statement not specifically covered by any of the foregoing exceptions but having equivalent circumstantial guarantees of trustworthiness, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence

which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence. However, a statement may not be admitted under this exception unless the proponent of it makes known to the adverse party sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it, his intention to offer the statement and the particulars of it, including the name and address of the declarant.

The first prosecution of Horwitz ended in a mistrial when the jury was unable to reach a verdict. At the second trial, Horwitz subpoenaed Emmett and Weiss, but both witnesses refused to testify on Fifth Amendment grounds. The prosecutor subsequently rejected a suggestion by the district court that Emmett and Weiss be granted a limited use immunity, noting that both executives were the subjects of a continuing investigation. After the jury returned a verdict of guilty on all counts charged, Horwitz moved for a judgment of acquittal or a new trial, arguing, among other things, that he had been denied a fair trial by the government's refusal to immunize Emmett and Weiss.

In a thoughtful opinion, Judge Sweet granted Horwitz's motion for a new trial. See *United States v. DePalma*, 476 F.Supp. 775 (S.D.N.Y.1979). Although expressly rejecting any contention that the prosecution had acted in bad faith, the court concluded that "Horwitz was deprived of due process of law because broad immunity was granted to government witness Brodsky and, to a lesser extent, Kosman, while two witnesses to the events at issue sought to be called by Horwitz were unavailable because of the government's failure to grant them even limited use immunity." Id. at 777. The court observed that a dismissal of the indictment might be warranted to "eliminate the prejudice suffered by Horwitz" but nonetheless settled on the less drastic remedy of granting Horwitz's motion for a new trial, with the condition that "upon such retrial Brodsky's testimony will be excluded unless the requested use immunity is granted to Emmett and Weiss." Id. at 782. It is from this determination that the government now seeks to appeal.

## II

Before addressing the merits, we must first confront a question of appealability. The government, obviously aware that the grant of a new trial by itself is nonappealable, see *United States v. Alberti*, 568 F.2d 617, 620–21 (2d Cir. 1977), sought in its notice of appeal review by this court of "that part [of Judge Sweet's decision] suppressing the testimony of government witness Norman Brodsky because of the Government's refusal to immunize defense witnesses." The government contends that we have jurisdiction to entertain the appeal under 18 U.S.C. § 3731, which provides in pertinent part for interlocutory appellate review of "a decision or order of a district court suppressing or excluding evidence . . . not made after the defendant has been put in jeopardy . . . ." Appellee Horwitz argues, however, that section 3731 is inapplicable because he has not moved for, and the district court has not granted, an order suppressing Brodsky's testimony at the third trial. Horwitz further suggests that such an order may never issue if the government grants use immunity to Emmett and Weiss, or consents to admission of their grand jury testimony at the third trial, or terminates its investigation of the two executives, thereby presumably enabling Emmett and Weiss to testify on behalf of Horwitz.

While we recognize that Horwitz's argument is a substantial one, we nonetheless conclude that this court has jurisdiction under section 3731 to hear the government's appeal. That section expressly provides that its provisions "shall be liberally construed to effectuate its purposes," and those purposes certainly include permitting the government to appeal immediately from adverse pretrial rulings suppressing or excluding evidence. Given this broad mandate, we do not think that the conditional nature of the district court's ruling, which raises the remote prospect that suppression will not be ordered, necessarily deprives this court of jurisdiction under section 3731 to hear the government's appeal. Indeed, similar arguments in analogous situations have been rejected. See, e. g., *United States v. Cannone*, 528 F.2d 296, 298 (2d Cir. 1975) (order providing for exclusion of government witnesses' testimony if government did not disclose names and addresses of witnesses to defense held appealable); *United States v. Battisti*, 486 F.2d 961 (6th Cir. 1973) (same). Cf. *United States v.*

*Beck,* 483 F.2d 203 (3d Cir. 1973), cert. denied, 414 U.S. 1132, 94 S.Ct. 873, 38 L.Ed.2d 757 (1974) (district court reversal of conviction and remand to magistrate held appealable because "practical effect" of order was to suppress evidence). We likewise conclude that the conditional form of the district court's suppression order will not necessarily deprive this court of appellate jurisdiction under section 3731. Substance, not form, should determine the issue of appealability in this context, and a careful examination of the precise facts is necessary.

The present case well illustrates the need for focusing on the particular facts and the propriety of construing section 3731 liberally. The government, in its briefs on this appeal and before the district court in a pre-third trial hearing, has steadfastly maintained that it will not immunize Emmett and Weiss at a third trial. In the same pretrial hearing, moreover, Judge Sweet noted that if the government sought to introduce Brodsky's testimony without immunizing the Warner executives, he would "in all probability" follow his opinion and grant a defense motion to suppress Brodsky's testimony. And counsel for Horwitz, of course, can be counted on to make such a motion during the third trial, at which time this court will no longer have jurisdiction to hear an appeal under section 3731. Thus, the government, the defense, and the district court have embarked upon a collision course that will almost certainly result in the suppression of the Brodsky testimony. And if the judge's decision to suppress evidence is incorrect and a judgment of acquittal results, principles of double jeopardy will prevent a government appeal, a situation which section 3731 was designed to prevent. Under the circumstances, it would be an exercise in pure formalism to hold that the district court's order is not appealable at this juncture. Accordingly, we turn to the merits.

### III

Prior to the argument of this appeal, another panel of this court was faced with a reverse immunity claim substantially similar to that asserted by appellee Horwitz. That panel, after the argument of this appeal, rejected the reverse immunity claim before it. See *United States v. Turkish,* 623 F.2d 769 (2d Cir. 1980). The appellant in *Turkish* sought to overturn his conviction on the ground that he was denied due process by the government's failure to grant use immunity to seventeen prospective defense witnesses who, according to appellant, would otherwise refuse to testify. The panel, after an exhaustive analysis of the concept of reverse immunity, concluded that due process considerations of fairness seldom, if ever, require immunization of potential defense witnesses. While not ruling out the possibility that in some extreme situations the government's refusal to grant use immunity to defense witnesses might pose constitutional problems, the panel held that "trial judges should summarily reject claims for defense witness immunity whenever the witness for whom immunity is sought is an actual or potential target of prosecution." Id. at 778.[2]

The *Turkish* decision has thus significantly undercut the analytical foundation upon which Judge Sweet's grant of a new trial to Horwitz and conditional suppression of the Brodsky testimony were premised. On the record before us, it seems doubtful that this is one of those rare situations in which the government's refusal to immunize a defendant's witnesses raises serious due process considerations. However, rather than determining ourselves whether Horwitz's claim has merit under the *Turkish* standard, we remand the case to the district court for reconsideration of its suppression order.

Although the suppression order must be reconsidered, Horwitz has also been granted a new trial, and, as previously noted, we are without jurisdiction to review this determination. See *Alberti,* supra, 568 F.2d at 617.

---

**2.** Judge Lumbard filed a separate opinion in *Turkish,* concurring in the result, but dissenting from that portion of the majority opinion that implied "that under certain circumstances the district court would be under the duty of inquiring into whether or not the prosecution should grant use immunity to a prospective defense witness." Id. at 779.

However, we would be less than candid if we failed to note that the grant of a new trial was based solely on Horwitz's reverse immunity claim, and if that claim is determined upon remand to be without merit, a new trial will no longer serve any useful purpose. Moreover, it appears that the district court shared this view. In his decision, Judge Sweet noted that "a third trial should not be required unless it is absolutely essential" and that he took "some comfort" from the fact that the government could appeal the suppression of the Brodsky testimony prior to the third trial. 476 F.Supp. at 782 & n.17. This language suggests to us that the grant of a new trial was conditional on the affirmance of the reverse immunity claim on appeal. Accordingly, we remand the case to the district court with the suggestion that if Horwitz's reverse immunity claim is found to be untenable in light of *Turkish*, the district judge consider entering a judgment of conviction upon the jury verdict as an alternative to a third trial.[3]

Case remanded for further proceedings consistent with this opinion.

---

**3.** Horwitz would, of course, have the right to appeal from such a judgment.