UNITED STATES, Appellee,

v.

**Private First Class Maurice D. SMITH, SSN 271–68–5496, United States Army, Appellant.**

CM 444130.

U.S. Army Court of Military Review.

30 March 1984.

Captain Peter L. Yee, JAGC, argued the cause for the appellant. With him on the brief were Colonel William G. Eckhardt, JAGC, and Major Robert M. Ott, JAGC.

Captain Paul E. Jordan, JAGC, argued the cause for the appellee. With him on the brief were Colonel James Kucera, JAGC, Lieutenant Colonel John T. Edwards, JAGC, and Major Patrick M. Flachs, JAGC.

Before CLARKE, SU–BROWN and BA-DAMI, Appellate Military Judges.

OPINION OF THE COURT

BADAMI, Judge:

Contrary to his pleas, appellant was convicted by a general court-martial composed of officer members of the transfer and sale of 1.882 grams of cocaine. He was sentenced to a dishonorable discharge, confinement at hard labor for two years, forfeiture of all pay and allowances and reduction to

Private E–1. The convening authority approved the sentence.

On appeal, appellant alleges the military judge erred by ruling that the convening authority did not abuse his discretion when he refused to grant a material defense witness immunity. We agree with the trial judge and affirm.

At trial, the government proceeded on the theory that appellant aided and abetted Sergeant Belcher in transferring and selling cocaine to an undercover investigator. The prosecution evidence adduced at trial demonstrated that appellant led the informant (Pullen) and undercover investigator (Dawson) to "his source," Belcher, for the purpose of obtaining some cocaine. Leading them to Belcher's quarters in Dawson's automobile, appellant got out of the car and spoke directly to Belcher, who was standing outside his quarters. Returning to the vehicle, appellant explained that he had arranged for Belcher to acquire two grams of cocaine for $220.00. Belcher proceeded in his own car, while Dawson, Pullen and appellant followed in Dawson's car. Stopping at a Seven-Eleven store, Belcher made two phone calls, purportedly speaking to "his source." Appellant spoke to Belcher after each phone call. Upon his return to the car, appellant told Dawson he would have to proceed with Belcher alone. Dawson got into Belcher's car, gave Belcher $220.00 for cocaine, and they drove away. Belcher pulled into another Seven-Eleven store where he transferred the $220.00 to two men who pulled up in a van. Belcher departed in the van, giving the keys to his car to Dawson. Dawson subsequently rendezvoused with Belcher, who handed him the cocaine. A few minutes later, Belcher was apprehended.

The convening authority denied the defense's request to grant testimonial immunity to Specialist Four McQueen, a prospective defense witness. At the outset of appellant's court-martial, the trial defense counsel made a motion for appropriate relief seeking the military judge either to compel the convening authority to grant testimonial immunity to McQueen, or to abate the proceedings.

In support of the motion, appellant asserted that McQueen's testimony would show that the testimony of Dawson and Pullen was untruthful, and that it was the informant (Pullen) who really set up the cocaine transaction, and not Belcher.

The military judge deferred his ruling until after McQueen was called as a defense witness. McQueen refused to testify and invoked his privilege against self-incrimination. Appellant renewed his request to have McQueen granted testimonial immunity. When the military judge denied this request, appellant submitted a written affidavit by McQueen and requested that a portion of the affidavit be read to the court members. The military judge determined that McQueen was "unavailable" to testify. The relevant portion of the affidavit read to the court members stated that Pullen (the informant) called him (McQueen) during the time frame of the charged offenses and asked him to get some cocaine. McQueen then called his own source and arranged the transaction. And further, that Pullen told McQueen that he would be at a certain Seven-Eleven store, waiting delivery.

We are convinced that the military judge properly ruled that the convening authority did not abuse his discretion in denying the request for testimonial immunity.

■ We recognize that it is within the power of the convening authority to grant testimonial immunity at the request of either the defense or the government. *United States v. Newman,* 14 M.J. 474, 481 (C.M.A.1983); *see also United States v. O'Bryan,* 16 M.J. 755 (A.F.C.M.R.1983). However, it is not clear whether a criminal defendant has a constitutional right to have a material defense witness immunized. The majority rule among the federal courts of appeals is no. *United States v. Turkish,* 623 F.2d 769 (2d Cir.1980); *United States v. Villines,* 13 M.J. 46, 56 n. 9 (C.M.A.1982). Rather than address this issue, we will adopt, in this case, the minority rule among the federal circuits, which parenthetically is

the more favorable rule to the defense. *See id.* The minority rule, as presented in *Government of Virgin Islands v. Smith,* 615 F.2d 964 (3d Cir.1980), provides two theories under which a "judicial" grant of immunity to a defense witness is available under the due process right to present an effective defense. The theory applicable to this case requires that the defense witness must be available to testify, the testimony must be clearly exculpatory and essential, and the government should have no strong interest in withholding immunity.[1] The remaining theory requires a grant of immunity to defense witnesses when the court finds prosecutorial misconduct. There is no hint of prosecutorial misconduct in this case.

■ Unlike the situation in *United States v. Villines, supra,* we have available the affidavit of McQueen, the pertinent portion of which was offered to the convening authority and military judge, and was ultimately read to the court members as evidence on the merits after McQueen was determined to be unavailable. The convening authority stated three reasons for denying the defense request for immunity: the first, the government was not required to grant immunity to a defense witness; the second, the proposed testimony of McQueen was not clearly exculpatory; and third, McQueen's affidavit raised possible criminal activities that had been referred to CID for investigation. Our review of McQueen's affidavit leads us to conclude that the proposed testimony was not clearly exculpatory or essential, but went more to the credi-

bility of the government witnesses. Furthermore, the government did have a strong countervailing interest. McQueen was not a figure in the original investigation, and his affidavit did raise the question of his own criminal involvement in the distribution of cocaine. In a possible later criminal prosecution for drugs, it would have been virtually impossible for the government to demonstrate that the evidence presented at trial was not derived from his immunized testimony.

We also note that during Belcher's second court-martial, the record of which this Court has taken judicial notice, McQueen completely recanted his written affidavit, asserting that he had lied to help his friend, the appellant.

We find the military judge to have ruled correctly that the convening authority did not abuse his discretion in denying the appellant's request for testimonial immunity.

We have reviewed the remaining assignment of error and find it lacking in merit.

The findings of guilty and the sentence are affirmed.

Senior Judge CLARKE and Judge SU-BROWN concur.

1. The granting of immunity to a defense witness is specifically provided for in Rule 704(e) of the Proposed Manual for Courts-Martial, United States, 1984 (January 1984 draft). That rule provides:

  (e) *Decision to grant immunity.* Unless limited by superior competent authority, the decision whether to grant immunity is a matter within the sole discretion of the appropriate general court-martial convening authority. However, if a defense request to immunize a witness has been denied, the military judge may, upon motion by defense, grant appropriate relief directing that either an appropriate convening authority grant testimonial immunity to a defense witness or the proceedings against the accused be abated, upon findings that:

  (1) the witness' testimony would be of such central importance to the defense case that it is essential to a fair trial; and
  (2) the witness intends to invoke the right against self-incrimination to the extent permitted by law if called to testify.

This rule adopts the minority rule among the federal circuits, as set forth in *Government of Virgin Islands v. Smith,* 615 F.2d 964 (3d Cir. 1980), while not indicating that the military judge should consider or make findings that the government has a strong interest in withholding the grant of immunity. Applying the legal maxim, *Expressio unius est exclusio alterius,* one might think that such an interest is not a relevant factor in the decision-making process.